UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

<table>
<tr><td>ZAYO GROUP, LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>CVIN, LLC,<br><br>        Defendant.</td><td>Case No.  25-cv-03483-BLF (SVK)<br><br>**ORDER ON JOINT DISCOVERY SUBMISSION**<br><br>Re: Dkt. No. 1</td></tr>
</table>

Before the Court is the Parties' joint submission regarding Plaintiff Zayo Group, LLC's ("Zayo") Request for Production ("RFP") no. 25 directed to profit information to which Defendant CVIN, LLC ("CVIN") objects.  The Court has considered the Parties' submission and the relevant law and determines that this matter may be resolved without oral argument.  Civil L.R. 7-1(b).

Disputed RFP no. 25 seeks documents regarding "any anticipated increase in [CVIN's] profits resulting from . . . the CABLE FIBER REPLACEMENT PROJECT."  Dkt. 41-1.  In support of this request, Zayo urges the outdated standard:  "Relevant information for purposes of discovery is information 'reasonably calculated to lead to the discovery of admissible evidence.'" *See Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005) (citation omitted). Dkt. 41 at 1.  Zayo then proffers "support" for its request for profit information with selected quotes from the declaration of CVIN's Director of Marketing and Business Development, Michael Stewart, filed in support of a prior motion.  Dkt. 14-1.

On the record before it, the Court finds that RFP no. 25 neither seeks relevant information nor is proportional to the needs of the case.  First, the language, "reasonably calculated to lead to the discovery of admissible evidence" was deleted in the 2015 Amendment to Rule 26.  The reason for the deletion is significant here.  "The phrase has been used by some, incorrectly, to define the scope of discovery."  Fed. R. Civ. P. 26, advisory committee's note (2015

United States District Court
Northern District of California

amendment).[1]  In place of the deleted language, Rule 26 augmented the standard of "relevant" with "proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).

Second, the Court finds the "evidence" put forth by Zayo in support of RFP 25 fails to establish either the relevance or proportionality of a request directed to an alleged increase in CVIN's profits resulting from the cable replacement project.  Zayo seizes on a partial phrase in paragraph 4 of Stewart's declaration that the purpose of the fiber replacement project is to, "**meet the increasing needs of its customers**" to demonstrate that the purpose of the project is to increase CVIN's profits.  Dkt. 41 at 3 (emphasis added by Zayo).  A more reasonable reading of the Stewart declaration includes paragraphs 3, 4 and 5, which taken together describe the aged conditions of cables as the reason for "expeditious fiber replacement".  Dkt. 14-1, ¶¶ 3, 4. Stewart acknowledges that another benefit of the project will be to "improve the quality and reliability of [CVIN's] cable network system."  *Id.*, ¶ 4.  Stewart also emphasizes, "failure to replace the cables will inevitably result in unplanned outages."  *Id.*, ¶ 5.  In sum, the Stewart declaration does not demonstrate that a request for CVIN's profit information is either relevant or proportional to the needs of the case.

Accordingly, Zayo's request is **DENIED**.

**SO ORDERED.**

Dated: April 6, 2026

SUSAN VAN KEULEN
United States Magistrate Judge

---

[1] The purpose of the phrase was to clarify that information need not be admissible to be discoverable, not to expand the threshold requirement of relevance.  Fed. R. Civ. P. 26, advisory committee's note (2015 amendment)

2