United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ZAYO GROUP, LLC,

          Plaintiff,

    v.

CVIN, LLC,

          Defendant.

Case No.  25-cv-03483-BLF (SVK)

**ORDER RE DISCOVERY DISPUTES
AT DKT. NOS. 45, 46**

Re: Dkt. Nos. 45, 46

Before the court are Plaintiff Zayo Group, LLC's ("Plaintiff" or "Zayo") requests to compel production of documents and responses to interrogatories from Defendant CVIN, LCC ("Defendant" or "CVIN").  Dkt. 45, 46.  The Court has reviewed the Parties' submissions and the relevant law, particularly the parameters of relevance and proportionality of Federal Rule of Civil Procedure 26 and determines that these disputes may be resolved without oral argument.  Civil L.R. 7-1(b).  The Court's rulings are set forth in this Order and in **Attachments A** and **B** incorporated herein by reference.

### A.    Disputed Requests for Production ("RFPs")

First and foremost, it appears from the Parties joint chart that the Parties may have not yet negotiated ESI custodians or search terms.  *See* Dkt. 45-1 at 14, 16.  Relatedly, CVIN complains of having to search "thousands" of documents arising out of a business relationship of more than ten years.  *Id.*;  Dkt. 45 at 7, 10.  Searching "thousands" of documents is the nature of litigation; an ESI agreement negotiated in good faith serves to maintain the proportionality of such a search. The Parties have work to do, as directed in Section C, below.

Turning to Zayo's specific concerns, Zayo complains that all of CVIN's written responses reflect boilerplate objections and that CVIN fails to state if it is withholding documents.  Dkt. 45 at 3-4.  Though not clear from the Joint Statement, it appears that the Parties met and conferred in

February regarding CVIN's initial responses and that CVIN agreed to provide further responses, which it did on May 20, 2026, after Zayo initiated the joint statement.  *Compare* Dkt. 45 at 2 *with* Dkt. 45-1 at 2-3.  CVIN urges that in addition to its 'General Objections," its supplemental responses provide specific objections to each RFP and that it has offered to provide further responses following completion of production on June 12, 2026.  Dkt. 45-1 at 2-3.  Zayo does not address the June 12 production date.  Having evaluated a sampling of RFPs and responses in Exhibit E (Dkt. 45-5), the Court **ORDERS** as follows:

- The Court shares the view of Zayo's cited authorities that General Objections are generally inappropriate.  Dkt. 45 at 2.  Accordingly, the Court **STRIKES** CVIN's "General Objections" section reflected in Exhibit E at 5-7.

- CVIN's initial responses simply repeat its general objections, though CVIN does indicate that it will produce responsive, non-privileged documents in its custody or control.  These general objections, except for those related to privilege, are **OVERRULED**.  In the February meet and confer, the Parties agreed that further responses would be provided, and the supplemental responses are more selective as to general objections and assert RFP-specific objections (*see* Dkt. 45-1).  The Court's rulings on these objections are set forth in Attachment A attached to this Order.

- Accordingly, the Court determines that the most constructive path forward will be for the Court to rule on the objections articulated in Dkt. 45-1 as to RFPs 2, 19-20, 22-23, and 26.  The Court's rulings in Attachment A will guide CVIN as to supplemental responses for all of the RFPs.  **CVIN's supplemental written responses to RFPs 1-27 will be due and production of documents on a rolling basis will be completed no later than July 13, 2026**.

////

////

////

////

////

////

United States District Court
Northern District of California

**B.      Disputed Interrogatories**

The Court's rulings as to the Interrogatories are forth in **Attachment B** and incorporated herein by reference.   **CVIN's supplemental responses to Interrogatories 1 and 2 are due no later than July 13, 2026.**

**C.      Additional Issues**

The joint statements raise a number of additional issues which the Court addresses below:

**1.      Joint Statements**

The Parties appear to agree that a time limit to respond to a proffered joint statement would be helpful.  Accordingly, the Court **ORDERS** that responsive inserts to a proposed joint statement shall be provided as soon as practicable and no later than seven (7) days.  Additionally, the Parties are admonished that the discovery chart is only a summary, for the Court's convenience, of positions presented in a joint statement.  It is not the place to assert additional facts or arguments not set forth in the joint statement.  *See* Civil and Discovery Referral Matters Standing Order § 7.b, bullet 4 (*available at* https://cand.uscourts.gov/sites/default/files/standing-orders/SvK-Civil_and_DiscoveryReferralMatters_StandingOrder-2-2026.pdf).

**2.      Privilege Logs**

If either Party is withholding responsive documents on the basis of privilege, it **shall** produce a privilege log **no later than July 27, 2026**.

**3.      Custodians**

It appears that the Parties have neglected to negotiate appropriate custodians to facilitate the search for responsive documents.  *See, e.g.*, Dkt. 45-1 at 14, 16.  The Parties are to meet and confer **IMMEDIATELY** regarding two custodians in addition to Mike Stewart and David Nelson for a total of four (4) custodians.  Additional custodians may be added upon a showing good cause but only following robust meet and confer efforts in accordance with the Court's standing order.

**4.      All Future Meet-and-Confer Efforts**

Going forward, all meet and confer sessions **must be conducted by counsel with full knowledge of the relevant facts and legal issues and with full authority to negotiate and compromise as necessary.**  Counsel will conduct these sessions with every professional courtesy.

United States District Court
Northern District of California

3

**5.      Future discovery disputes**

Future disputes may require counsel to appear in-person with full authority to negotiate and compromise and to be prepared to spend the entire business day at court to meet and confer as required.

**6.      Extension of deadlines**

The Parties may negotiate modest extensions of deadlines contained in this Order without leave of Court.

**7.      Request for Sanctions**

Discovery in this action is underway, and time remains for course correction. Inadequacies in CVIN's productions and responses have been properly raised in the Joint Statements and are addressed by this Order, which serves as CVIN's opportunity to improve its course of conduct. Accordingly, **ZAYO**'s request for sanctions is **DENIED without prejudice**. Fed. R. Civ. Pro. 37(a)(5)(A)(iii).

**SO ORDERED.**

Dated: June 12, 2026

_____
SUSAN VAN KEULEN
United States Magistrate Judge

United States District Court
Northern District of California

4

# ATTACHMENT A

**COURT'S RULINGS RE DISPUTED RFPs**

| Disputed Request | Response to Request | Pltf's Compromise | CVIN Compromise | **COURT ORDER** |
|---|---|---|---|---|
| **All RFPs**<br><br>(RFP 2 presented below as exemplar)<br><br>RFP 2: All non-privileged DOCUMENTS authored or received by YOU regarding, concerning, or discussing any prospective terms of the AGREEMENT. | **GENERAL OBJECTIONS**<br>Responding Party has not fully completed its investigation of the facts relating to this case, has not completed its discovery in this action, and has not completed its preparation for trial. All of the responses contained herein are based only upon the information and documents that are presently available to and specifically known by Responding Party. It is anticipated that further discovery, investigation, legal research, and analysis will supply additional facts and add new meaning to the known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to the discovery of additional documents, further information and additional witnesses, thereby resulting in additions to, changes in, and variances from the following responses.<br><br>The following responses are given without prejudice to Responding Party's right to | CVIN had agreed on February 23, 2026 to revisit its objections and also issue amended responses specifying whether it is withholding any documents on the basis of an objection.<br><br>Zayo waited until May 6, 2026 but no amended response was served.  Zayo served its draft joint statement for its motion to compel that same day on CVIN.<br><br>Instead of including its inserts to that joint statement, on May 20, 2026, CVIN | CVIN provided specific objections to each individual RFP.  CVIN also provided prefatory statements explaining the format and context of its responses, including the specific responses provided in response to each RFP.<br><br>This is not the case where a party asserts "General Objections" on relevance without specifically responding to each request or without articulating the basis of its objection. | Although RFP 2 is proffered as an exemplar, the Court rules on the objections asserted in CVIN's "Further Response."<br><br>CVIN's objections, except those relating to privilege, are **OVERRULED**.  More specifically, CVIN's objections arising out of the use of the term "prospective" are not well founded.  "AGREEMENT" is a defined term referring to the "April 5, 2016 Master Dark Fiber IRU Agreement."  Dkt. 45-4 at 3.  "Prospective" is common word referring to future.  A reasonable and good faith reading of RFP 2 is for documents between the Parties addressing terms to be included in the |

1

| | produce evidence of any subsequently discovered documents and evidence. Accordingly, Responding Party reserves the right to change or add to all of the responses in this document as additional facts are ascertained, analyses are made, legal research is completed, contentions are established, and documents are located. Moreover, any responses contained in this pleading are disclosed for the purpose of this litigation only. If any information within the scope of the attorney-client privilege or the attorney work product doctrine are inadvertently disclosed in this response, Responding Party has not done so intentionally, and reserves its right to assert those privileges at any time in these proceedings, and further reserves its right to request return of all privileged information, including any copies or abstracts of that information. In addition, all evidentiary objections are reserved, and no waiver of any objections is to be implied from this response. To the extent that this response might arguably waive an otherwise assertable objection or claim of privilege, such waiver shall be limited to this response only and shall not extend to any further discovery requests. | finally served its "Further Responses" which largely do not address the issues raised by Zayo. | During the parties' meet and confer conference, Zayo requested that CVIN (1) provide further specificity for some of its objections and (2) indicate whether it was withholding documents on the basis of its objections.  CVIN intended to provide further responses addressing both points following the June 12, 2026, completion of the parties' respective document productions.<br><br>Zayo nonetheless proceeded with this motion. CVIN's position remains that it will provide further responses in accordance with Fed. R. Civ. P. | AGREEMENT, necessarily preceding April 5, 2016.<br><br>This is an issue that should have been addressed and resolved through a good faith meet and confer conducted by counsel with full authority to negotiate and compromise.  The Parties are referred to the Court's Cover Order as to the conduct of future meet and confer efforts.<br><br>**CVIN is to supplement its response and produce non-privileged, responsive documents in accordance with this ORDER.** |
|---|---|---|---|---|

| | | | |
|---|---|---|---|
| | Responding Party objects to the Instruction to the extent they exceed the scope of permissible discovery as set forth in Federal Rule of Civil Procedure 26, or otherwise purport to impose upon Responding Parties obligations that differ from or exceed the scope of its obligations under the Federal Rules of Civil Procedure, including Federal Rule 34. Responding Party only assumes the obligation to conduct a reasonably diligent search of reasonably accessible sources within its own possession, custody, or control.

Responding Party objects to Instruction No. 6 because it seeks to impose a burden on Responding Parties in excess of what is required under Rule 26(b)(5) of the Federal Rules of Civil Procedure. Any privilege log produced by Responding Parties in this action will comply with Rule 26(b)(5) of the Federal Rules of Civil Procedure.

Responding Party objects to Instruction No. 5 as overly broad and unduly burdensome because these Instructions impose an obligation on Responding Parties to search for deleted, destroyed, or lost documents, and then furnish narrative responses describing such documents (including, *inter alia*, the | | 34(b)(2)(C) once it has complete information regarding the scope of its document production.

Plaintiff's position fails to set forth any "compromise": CVIN proposes that the parties provide further responses within 30 days of the completion of their respective productions. | |

3

| | authors and subject matters of such documents), which is in excess of the scope of permissible discovery under the Federal Rules of Civil Procedure, including Federal Rule of Civil Procedure 34. Responding Parties will not comply.<br><br>Responding Party objects to the definition of the term "YOU" as vague, ambiguous, overbroad, and unduly burdensome to the extent it purports to demand the production of any documents that are not within Responding Parties' possession, custody, or control. Responding Party further objects to the definition of the term "YOU" as vague, ambiguous, overbroad, and unduly burdensome because the definition purports to include "all of [Responding Party's] agents, brokers, employees, contractors, officers, directors and all persons or entities acting or purporting on its behalf or under its control, including independent contractors." Responding Party cannot possibly identify or respond on behalf of all of these parties.<br><br>To the extent Responding Party agrees to produce responsive documents, | | | |
|---|---|---|---|---|

| | | | |
|---|---|---|---|
| | Responding Party intends to produce documents on a rolling basis.<br><br>This preliminary statement and general objections apply to each and every response or objection and is incorporated in each as though set forth in full therein.<br><br>**RESPONSE TO REQUEST FOR PRODUCTION NO. 2**:<br><br>Responding Party objects to this Request on the grounds that it is overbroad, unduly burdensome, and harassing, including because it is unrestricted in terms of time and reasonable scope and because it requests all "DOCUMENTS" without regards to relevance. Responding Party objects that the burden and expense of producing the documents requested by this overbroad Request outweighs their likely benefit. Responding Party objects that the Request fails to specify the requested documents with reasonable particularity. Responding Party further objects to this Request on the grounds that, as written, it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to this Request on the | | |

| | | | |
|---|---|---|---|
| | grounds that it assumes facts not in evidence. Responding Party further objects to this Request to the extent it would require the production of documents containing confidential or proprietary information belonging to Responding Party or a third party, invading Responding Party's privacy rights by seeking to discover confidential, proprietary, and/or business trade secret information. Responding Party further objects to this Request to the extent it would require the production of documents that are protected from disclosure by attorney-client privilege or the work product doctrine. Subject to and without waiving these objections, Responding Party will produce responsive, non-privileged documents in its possession, custody, or control, located after a diligent search and reasonable inquiry. Discovery and investigation are continuing, and Responding Party reserves the right to supplement this response.<br><br>**FURTHER RESPONSE:**<br><br>Responding Party objects to this Request on the grounds that it is overbroad, unduly burdensome, and | | |

| | harassing, including because it is unrestricted in terms of time and reasonable scope and because it requests all "DOCUMENTS" without regards to relevance. Responding Party objects that the Request fails to specify the requested documents with reasonable particularity, especially with respect to the undefined term "prospective terms." It is unclear what the term "prospective terms" mean and what time frame "prospective" purports to identify. Responding Party further objects to this Request on the grounds that, as written, it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, as it is unclear what "prospective terms" Zayo believes is relevant to this dispute. Responding Party further objects to this Request to the extent it would require the production of documents that are protected from disclosure by attorney-client privilege or the work product doctrine. Subject to and without waiving these objections, Responding Party will produce responsive, non-privileged documents in its possession, custody, or control, located after a diligent search and reasonable inquiry. | | | |
|---|---|---|---|---|

| | Discovery and investigation are continuing, and Responding Party reserves the right to supplement this response. | | | |
|---|---|---|---|---|
| RFP 19: All DOCUMENTS sent by YOU to ZAYO notifying, mentioning, or referencing that ZAYO needed to move traffic off of the dark fiber lines it leased from YOU under the AGREEMENT and its incorporated service orders (including, but not limited to, SERVICE ORDER 1 and SERVICE ORDER 2) due to the ongoing CABLE FIBER REPLACEMENT PROJECT. | Responding Party objects to this Request on the grounds that it is overbroad, unduly burdensome, and harassing, including because it is unrestricted in terms of time and reasonable scope and because it requests all "DOCUMENTS" without regards to relevance. Responding Party objects that the burden and expense of producing the documents requested by this overbroad Request outweighs their likely benefit. Responding Party objects that the Request fails to specify the requested documents with reasonable particularity. Responding Party further objects to this Request on the grounds that, as written, it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to this Request on the grounds that it assumes facts not in evidence. Responding Party further objects to this Request to the extent it would require the production of documents containing confidential or | CVIN had agreed on February 23, 2026 to revisit its objections and also issue amended responses specifying whether it is withholding any documents on the basis of an objection.

Zayo waited until May 6, 2026 but no amended response was served.  Zayo served its draft joint statement for its motion to compel that same day on CVIN.

Instead of including its inserts to that joint statement, on May | CVIN further particularized its objections to this request in its further response.

While CVIN committed to providing further responses in the meet and confer, CVIN did not promise it would answer (or agree to produce) documents where it would be standing on its objections.  CVIN asserted valid objections in response to this request, and explained in detail the basis of its objections.  CVIN explained in its answer that it "did not instruct Zayo | CVIN's attempt to rewrite and thus restrict this RFP to documents that "instruct" is **STRICKEN** and its objections, other than for privilege, are **OVERRULED.**

**Documents sent by CVIN to ZAYO addressing the subject-matter of ZAYO moving traffic off of the subject dark fiber lines are to be produced in accordance with this Order.** |

| | | | |
|---|---|---|---|
| proprietary information belonging to Responding Party or a third party, invading Responding Party's privacy rights by seeking to discover confidential, proprietary, and/or business trade secret information. Responding Party further objects to this Request to the extent it would require the production of documents that are protected from disclosure by attorney-client privilege or the work product doctrine.<br><br>Subject to and without waiving these objections, Responding Party responds as follows: Responding Party did not instruct Zayo to move its traffic off of CVIN lines. With this understanding of the Request, Responding Party responds that no responsive documents exist.<br><br>Discovery and investigation are continuing, and Responding Party reserves the right to supplement this response.<br><br>**FURTHER RESPONSE:**<br><br>Responding Party objects that the Request fails to specify the requested documents with reasonable particularity, as it is unclear whether Zayo's construes the March 13, 2025 as a notice, | 20, 2026, CVIN finally served its "Further Responses" which largely do not address the issues raised by Zayo. | to move its traffic off of CVIN lines," and that "[w]ith this understanding of the Request, Responding Party responds that no responsive documents exist." | |

9

| | recommendation, or directive, and thus it is unclear what Zayo intends by the phrase "needed to move traffic." Responding Party further objects to this Request to extent it would require the production of documents that are protected from disclosure by attorney-client privilege or the work product doctrine.<br><br>Subject to and without waiving these objections, Responding Party responds as follows: Responding Party did not instruct Zayo to move its traffic off of CVIN lines, as the March 13, 2025 letter was a notice not an instruction. With this understanding of the Request, Responding Party responds that no responsive documents exist besides the March 13, 2025 letter.<br><br>Discovery and investigation are continuing, and Responding Party reserves the right to supplement this response. | | | |
| RFP 20: All DOCUMENTS authored to received by YOU regarding, concerning, discussing, or | Responding Party objects to this Request on the grounds that it is overbroad, unduly burdensome, and harassing, including because it is unrestricted in terms of time and | CVIN had agreed on February 23, 2026 to revisit its objections and also issue amended responses | CVIN further particularized its objections to this request in its further responses to this request. | *See* Court Order in re RFP 19, above, incorporated herein by reference. |

| | | | | |
|---|---|---|---|---|
| memorializing any oral communications between YOU and ZAYO concerning the need for ZAYO to move traffic off of the dark fiber lines it leased from YOU under the AGREEMENT and its incorporated service orders (including, but not limited to, SERVICE ORDER 1 and SERVICE ORDER 2) due to the ongoing CABLE FIBER REPLACEMENT PROJECT. | reasonable scope and because it requests all "DOCUMENTS" without regards to relevance. Responding Party objects that the burden and expense of producing the documents requested by this overbroad Request outweighs their likely benefit. Responding Party objects that the Request fails to specify the requested documents with reasonable particularity. Responding Party further objects to this Request on the grounds that, as written, it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to this Request on the grounds that it assumes facts not in evidence. Responding Party further objects to this Request to the extent it would require the production of documents containing confidential or proprietary information belonging to Responding Party or a third party, invading Responding Party's privacy rights by seeking to discover confidential, proprietary, and/or business trade secret information. Responding Party further objects to this Request to the extent it would require the production of documents that are protected | specifying whether it is withholding any documents on the basis of an objection.<br><br>Zayo waited until May 6, 2026 but no amended response was served. Zayo served its draft joint statement for its motion to compel that same day on CVIN.<br><br>Instead of including its inserts to that joint statement, on May 20, 2026, CVIN finally served its "Further Responses" which largely do not address the issues raised by Zayo. | While CVIN committed to providing further responses in the meet and confer, CVIN did not promise it would answer (or agree to produce) documents where it would be standing on its objections. CVIN asserted valid objections in response to this request, and explained in detail the basis of its objections. CVIN explained in its answer that it "did not instruct Zayo to move its traffic off of CVIN lines," and that "[w]ith this understanding of the Request, Responding Party responds that no responsive documents exist." | **Documents authored or received by CVIN reflecting or referring to oral communications between CVIN and ZAYO concerning ZAYO moving traffic off of the subject dark fiber lines are to be produced in accordance with this Order.** |

11

| | | | |
|---|---|---|---|
| from disclosure by attorney-client privilege or the work product doctrine.<br><br>Subject to and without waiving these objections, Responding Party will produce responsive, non-privileged documents in its possession, custody, or control, located after a diligent search and reasonable inquiry.<br><br>Subject to and without waiving these objections, Responding Party responds as follows: Responding Party did not instruct Zayo to move its traffic off of CVIN lines. With this understanding of the Request, Responding Party responds that no responsive documents exist.<br><br>Discovery and investigation are continuing, and Responding Party reserves the right to supplement this response.<br><br>**FURTHER RESPONSE:**<br><br>Responding Party objects that the Request fails to specify the requested documents with reasonable particularity, as it is unclear whether Zayo's construes the March 13, 2025 as a notice, recommendation, or directive, and thus it is unclear what Zayo intends by the | | | |

| | | | | |
|---|---|---|---|---|
| | phrase "needed to move traffic." Responding Party further objects to this Request to the extent it would require the production of documents that are protected from disclosure by attorney-client privilege or the work product doctrine.<br><br>Subject to and without waiving these objections, Responding Party responds as follows: Responding Party did not instruct Zayo to move its traffic off of CVIN lines, as the March 13, 2025 letter was a notice not an instruction. With this understanding of the Request, Responding Party responds that no responsive documents exist besides the March 13, 2025 letter.<br><br>Discovery and investigation are continuing, and Responding Party reserves the right to supplement this response. | | | |
| RFP 22: DOCUMENTS sufficient to reflect or memorialize YOUR current schedule or timeline for completion of the CABLE FIBER | Responding Party objects to this Request on the grounds that it is overbroad, unduly burdensome, and harassing, including because it is unrestricted in terms of time and reasonable scope and because it requests all "DOCUMENTS" without regards to | Zayo offered to particularize the definition of the CABLE FIRE REPLACEMENT PROJECT to only those portions of the project that affect the fiber | CVIN further particularized its objections to this request in its further responses to this request.<br><br>While CVIN committed to providing further | CVIN's objections, other than those relating to privilege, are **OVERRULED**.<br><br>CVIN's complaint that it will have to review thousands of documents for documents sufficient |

| REPLACEMENT PROJECT. | relevance. Responding Party objects that the burden and expense of producing the documents requested by this overbroad Request outweighs their likely benefit. Responding Party objects that the Request fails to specify the requested documents with reasonable particularity. Responding Party further objects to this Request on the grounds that, as written, it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to this Request on the grounds that it assumes facts not in evidence. Responding Party further objects to this Request to the extent it would require the production of documents containing confidential or proprietary information belonging to Responding Party or a third party, invading Responding Party's privacy rights by seeking to discover confidential, proprietary, and/or business trade secret information. Responding Party further objects to this Request to the extent it would require the production of documents that are protected | lines leased by CVIN to Zayo. | responses in the meet and confer, CVIN did not promise it would answer (or agree to produce) documents where it would be standing on its objections.  CVIN asserted objections in response to this request, and did not agree to produce documents in response to this request.<br><br>The construction of the replacement project involves thousands of documents that have no bearing on the case; it is therefore not proportional to the needs of the case to request that CVIN review and | to show the current timeline is disingenuous. CVIN is a telecommunications company in the business of providing internet, dark fiber, co-location, and data center connectivity services to businesses.  *See https://vastnetworks.com.* It is common sense that its business requires it to create, update and keep track of relevant time lines.<br><br>**CVIN is to produce non-privileged responsive documents, specifically documents sufficient to demonstrate the current timeline for completion of either the CABLE FIBER REPLACEMENT PROJECT or only those portions of the project that affect Zayo as proposed in Zayo's compromise.** |

14

| | | | |
|---|---|---|---|
| from disclosure by attorney-client privilege or the work product doctrine. **FURTHER RESPONSE:** During the meet and confer process, Zayo agreed to limit the scope of this request to the lines leased by Zayo. Responding Party renews its objection to this Request on the grounds that it is overbroad, unduly burdensome, and harassing, as it purports to seek all documents relating to the construction of the Project. Responding Party objects that the burden and expense of producing the documents requested by this overbroad Request outweighs their likely benefit. Responding Party objects that the Request fails to specify the requested documents with reasonable particularity, especially given that any documents "sufficient to reflect" a schedule is vague and ambiguous. Responding Party further objects to this Request on the grounds that, as written, it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, as the request purports to seek all documents relating to the construction of the Project. Responding Party further objects to this Request to the extent it would require the production of | | analyze these thousands of construction documents to evaluate whether any of them mention scheduling. | |

15

| | documents that are protected from disclosure by attorney-client privilege or the work product doctrine. | | | |
|---|---|---|---|---|
| RFP 23: All DOCUMENTS authored or received by YOU regarding, concerning, or discussing any failure by YOU to meet any then-existing schedule, timeline, milestones, or deadlines for completion of the CABLE FIBER REPLACEMENT PROJECT. | Responding Party objects to this Request on the grounds that it is overbroad, unduly burdensome, and harassing, including because it is unrestricted in terms of time and reasonable scope and because it requests all "DOCUMENTS" without regards to relevance. Responding Party objects that the burden and expense of producing the documents requested by this overbroad Request outweighs their likely benefit. Responding Party objects that the Request fails to specify the requested documents with reasonable particularity. Responding Party further objects to this Request on the grounds that, as written, it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to this Request on the grounds that it assumes facts not in evidence. Responding Party further objects to | Zayo offered to particularize the definition of the CABLE FIRE REPLACEMENT PROJECT to only those portions of the project that affect the fiber lines leased by CVIN to Zayo.

Zayo further offered to limit the custodians for this request to CVIN's high level decision-makers (Mike Stewart, David Nelson, and possibly others). | CVIN further particularized its objections to this request in its further responses to this request.

While CVIN committed to providing further responses in the meet and confer, CVIN did not promise it would answer (or agree to produce) documents where it would be standing on its objections.  CVIN asserted objections in response to this request, and did not agree to produce documents in response to this request. | *See* Court Order regarding RFP 22, above, incorporated herein by reference.

Parties are to meet and confer regarding custodian production as provided in this Order. |

| | | | |
|---|---|---|---|
| this Request to the extent it would require the production of documents containing confidential or proprietary information belonging to Responding Party or a third party, invading Responding Party's privacy rights by seeking to discover confidential, proprietary, and/or business trade secret information. Responding Party further objects to this Request to the extent it would require the production of documents that are protected from disclosure by attorney-client privilege or the work product doctrine.<br><br>**FURTHER RESPONSE:**<br><br>During the meet and confer process, Zayo agreed to limit the scope of this request to the lines leased by Zayo. Responding Party renews its objection to this Request on the grounds that it is overbroad, unduly burdensome, and harassing, as it purports to seek all documents relating to the construction of the Project. Responding Party objects that the burden and expense of producing the documents requested by this overbroad Request outweighs their likely benefit. Responding Party objects that the Request fails to specify the | | The construction of the replacement project involves thousands of documents that have no bearing on the case; it is therefore not proportional to the needs of the case to request that CVIN review and analyze these thousands of construction documents to evaluate whether any of them mention scheduling. | |

17

| | | | | |
|---|---|---|---|---|
| | requested documents with reasonable particularity, as the phrase "any failure by YOU to meet any then-existing schedule, timeline, milestones, or deadlines" is vague and ambiguous. Responding Party further objects to this Request on the grounds that, as written, it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, as the request purports to seek all documents relating to the construction of the Project. Responding Party further objects to this Request to the extent it would require the production of documents that are protected from disclosure by attorney-client privilege or the work product doctrine. | | | |
| "DECLARATION" means the April 23, 2025 Declaration of Michael Stewart that was e-filed in this lawsuit as of ECF No. 14-1.<br><br>RFP 26: All non-privileged DOCUMENTS authored or received by YOU regarding, concerning, or | Responding Party objects to this Request on the grounds that it is overbroad, unduly burdensome, and harassing, including because it is unrestricted in terms of time and reasonable scope and because it requests all "DOCUMENTS" without regards to relevance. Responding Party objects that the burden and expense of producing the documents requested by this overbroad Request outweighs their likely benefit. Responding Party objects that the Request fails to specify the requested | Zayo offered to limit the custodians for this request to CVIN's high level decision-makers (Mike Stewart, David Nelson, and possibly others). | While CVIN committed to providing further responses in the meet and confer, CVIN did not promise it would answer (or agree to produce) documents where it would be standing on its objections. CVIN asserted objections in | CVIN's objections, except those relating to overbreadth and privilege, are **OVERRULED**.<br><br>This request is overbroad to the extent it seeks all non-privileged documents authored or received by CVIN regarding the covenanted completion date. |

| | | | | |
|---|---|---|---|---|
| discussing the purported fact that YOU are "currently beyond the covenanted completion date for the Project set forth in [YOUR] bank loan" as stated in paragraph 4 of the DECLARATION. | documents with reasonable particularity. Responding Party further objects to this Request on the grounds that, as written, it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to this Request on the grounds that it assumes facts not in evidence. Responding Party further objects to this Request to the extent it would require the production of documents containing confidential or proprietary information belonging to Responding Party or a third party, invading Responding Party's privacy rights by seeking to discover confidential, proprietary, and/or business trade secret information. Responding Party further objects to this Request to the extent it would require the production of documents that are protected from disclosure by attorney-client privilege or the work product doctrine.<br><br>**FURTHER RESPONSE:**<br><br>Responding Party objects to this Request on the grounds that it is overbroad, unduly burdensome, and harassing, including because it is unrestricted in terms of time and reasonable scope and because it | | response to this request which seeks confidential loan and loan-related documents, and CVIN did not agree to produce documents in response to this request.<br><br>CVIN's mention that it has not met the covenanted completion date set forth in the loan it procured to finance the replacement project does not put the loan and loan-related documents at issue in the litigation.  Rather, this fact alone underscores that CVIN has had every incentive to complete the replacement | **However, documents sufficient to support the fact, relied upon by CVIN (see ECF 14-1 ¶ 4), that it was beyond the covenanted completion date are relevant and proportional to the needs of the litigation and responsive non-privileged documents must be produced in accordance with this Order.**<br><br>Parties are to meet and confer regarding custodian production as provided in this Order. |

| | | | |
|---|---|---|---|
| | requests all "DOCUMENTS" without regards to relevance. Responding Party objects that the burden and expense of producing the documents requested by this overbroad Request outweighs their likely benefit. Responding Party objects that the Request fails to specify the requested documents with reasonable particularity. Responding Party further objects to this Request to the extent it would require the production of documents that are protected from disclosure by attorney- | | project as quickly as possible.<br><br>Nor does this request probe Zayo's other unsupported theories regarding CVIN's inability to place temporary cable along all construction routes.  Rather, the evidence demonstrates that CVIN advised it could not lay temporary cable fiber where not feasible, including in urban areas like Los Angeles. | |

# ATTACHMENT B

**COURT'S RULINGS RE DISPUTED INTERROGATORIES**

| Disputed Request | Response to Request | Pltf's Compromise | CVIN Compromise | **COURT ORDER** |
|---|---|---|---|---|
| INTERROGATORY NO. 1: If YOU contend that you are not liable under ZAYO's first claim for relief for breach of contract, then describe all material facts and IDENTIFY all material DOCUMENTS that support YOUR contention. | Responding objects that this interrogatory is vague and ambiguous in (1) its use of the terms "material facts" and "material DOCUMENTS," especially given that the term "material" is undefined, and (2) its requirement and assumption that Responding Party understands Propounding Party's alleged breach of contract claim.  Responding Party further objects that by asking Responding Party to identify all facts and documents at this stage is oppressive, unduly burdensome, and overbroad. Responding Party objects that this interrogatory requires a legal conclusion. Responding Party objects to this interrogatory to the extent it calls for information subject to a claim of privilege, including, without limitations, the attorney-client privilege and/or work product doctrine. Responding Party objects to this interrogatory as vague, ambiguous, and compound.<br><br>Without waiving these objections, Responding Party responds as follows: Responding Party does not understand Propounding Party's claims in this action. Responding Party agreed to delay its work on Propounding Party's subject lines until Propounding Party | CVIN had agreed on February 23, 2026 to provide an amended response.<br><br>Zayo waited until May 6, 2026 but no amended response was served.  Zayo served its draft joint statement for its motion to compel that same day on CVIN.<br><br>Instead of including its inserts to that joint statement, on May 20, 2026, CVIN finally served its "Further Responses" which largely do not address the issues raised by Zayo. | CVIN denies there has been a breach because, *inter alia*, CVIN provided notice of the project over the course of several years and that it provided temporary cable during construction where it is feasible.  As also stated in its responses, CVIN does not believe Zayo is legally entitled to the categories of damages it seeks. Indeed, CVIN answered in its responses to Interrogatory Nos. 1 and 2 that "the IRU agreement between the parties waives and otherwise precludes the damage claims Propounding Party | CVIN's objections, except those as to privilege are **OVERRULED.**<br><br>The objections as to "material" facts and documents are disingenuous as this terminology is well known and undoubtedly has been used by CVIN's counsel.<br><br>CVIN's argument that it does not "understand" a claim is non-responsive. CVIN confuses "understanding" a claim with "agreeing with" a claim.  Given CVIN's length of time in the telecommunications transmission business, it is not |

1

| | | | |
|---|---|---|---|
| communicated that it was prepared for Propounding Party to commence its work. Thus, Responding Party was and is surprised that Propounding Party is continuing to pursue these claims and is not aware of the any basis for same. Additionally, the IRU agreement between the parties waives and otherwise precludes the damage claims Propounding Party appears to be asserting, and lessee under the IRU agreement advised Responding Party that the cables in question were secondary paths and that long maintenance windows would not be an issue. Discovery and investigation are continuing, and Responding Party reserves the right to supplement this response.<br><br>**FURTHER RESPONSE**<br><br>Responding objects that this interrogatory is vague and ambiguous in (1) its use of the terms "material facts" and "material DOCUMENTS," especially given that the term "material" is undefined, and (2) its requirement and assumption that Responding Party understands Propounding Party's alleged breach of contract claim. Responding Party further objects that by asking Responding Party to identify all facts and | | appears to be asserting."<br><br>CVIN has included documents supporting its notice to Zayo in its initial disclosures, document productions to date, and CVIN will continue to produce other notice documents it locates in subsequent rolling productions. During the meet and confer process, CVIN stated it would identify documents following the completion of the parties' document productions by June 12, 2026.<br><br>CVIN proposes that both parties supplement their responses within 30 | credible that CVIN does not "understand" a claim for breach of contract.<br><br>CVIN's response does provide facts that reflect its disagreement with the claim, facts which are responsive to the interrogatory. The Joint Statement provides additional facts.<br><br>**Accordingly, CVIN is to supplement its response in accordance with this Order to reflect all of the material facts upon which it relies in disagreeing with ZAYO's claim for breach of contract. CVIN is also to identify** |

| | | days of completion of the document productions. | **documents which support its contention that there is no breach of contract and may do so by general category descriptions with corresponding Bates range (*e.g.*, work order changes, Bates nos. XXX-XXX).** |
|---|---|---|---|
| | documents at this stage is oppressive, unduly burdensome, and overbroad. Responding Party objects that this interrogatory requires a legal conclusion. Responding Party objects to this interrogatory to the extent it calls for information subject to a claim of privilege, including, without limitations, the attorney-client privilege and/or work product doctrine.  Responding Party objects to this interrogatory as vague, ambiguous, and compound.<br><br>Without waiving these objections, Responding Party responds as follows: Responding Party does not understand Propounding Party's claims in this action. Responding Party is not liable for Propounding Party's claims in this action. Starting in or about 2022, Responding Party advised Propounding Party that it needed to conduct repair and replacement work on the lines it leased from Responding Party. At Propounding Party's request, Responding Party agreed to delay its work on Propounding Party's subject lines *on multiple occasions* until Propounding Party communicated that it was prepared for Propounding Party to commence its work. As a cooperative partner, Responding Party acceded to Propounding Party's requests. In April 2025, Zayo filed a complaint against | | |

| | | | |
|---|---|---|---|
| | CVIN, and concurrent with the filing of the complaint sought to enjoin CVIN from its long-planned maintenance project. On April 24, 2025, the parties agreed to continue the fiber replacement project for 75 additional days, and then at the expiration of that 75-day period, Propounding Party again requested a further postponement of the construction Project, to which Responding Party again agreed to as it had done over the course of many years of accommodating Propounding Party's requests. Thus, Responding Party was and is surprised that Propounding Party is continuing to pursue these claims and is not aware of the any basis for same.<br><br>Additionally, Responding Party responds that Propounding Party is not legally entitled to the damages it claims by the express terms of the parties' agreements. More specifically, the IRU agreement between the parties waives and otherwise precludes the damage claims Propounding Party appears to be asserting. Further, Propounding Party represented to Responding Party at the time of entering into the IRU agreement that the cables in question were secondary paths and that long maintenance windows would not be an issue. | | |

| | Discovery and investigation are continuing, and Responding Party reserves the right to supplement this response. | | | |
|---|---|---|---|---|
| INTERROGATORY NO. 2: If YOU contend that you are not liable under ZAYO's second claim for relief for breach of the implied covenant of good faith and fair dealing, then describe all material facts and IDENTIFY all material DOCUMENTS that support YOUR contention. | Responding objects that this interrogatory is vague and ambiguous in (1) its use of the terms "material facts" and "material DOCUMENTS," especially given that the term "material" is undefined, and (2) its requirement and assumption that Responding Party understands Propounding Party's alleged breach of contract claim. Responding Party further objects that by asking Responding Party to identify all facts and documents at this stage is oppressive, unduly burdensome, and overbroad. Responding Party objects that this interrogatory requires a legal conclusion. Responding Party objects to this interrogatory to the extent it calls for information subject to a claim of privilege, including, without limitations, the attorney-client privilege and/or work product doctrine. Responding Party objects to this interrogatory as vague, ambiguous, and compound.<br><br>Without waiving these objections, Responding Party responds as follows: | CVIN had agreed on February 23, 2026 to provide an amended response.<br><br>Zayo waited until May 6, 2026 but no amended response was served.  Zayo served its draft joint statement for its motion to compel that same day on CVIN.<br><br>Instead of including its inserts to that joint statement, on May 20, 2026, CVIN finally served its "Further Responses" which largely do not address the issues raised by Zayo. | CVIN denies there has been a breach because, *inter alia*, CVIN provided notice of the project over the course of several years and that it provided temporary cable during construction where it is feasible.  As also stated in its responses, CVIN does not believe Zayo is legally entitled to the categories of damages it seeks. Indeed, CVIN answered in its responses to Interrogatory Nos. 1 and 2 that "the IRU agreement between the parties waives and otherwise precludes | The Court incorporates its Order as to Interrogatory no. 1 herein by reference. |

| | | | |
|---|---|---|---|
| Responding Party does not understand Propounding Party's claims in this action.<br>Responding Party agreed to delay its work on Propounding Party's subject lines until Propounding Party communicated that it was prepared for Propounding Party to commence its work. Thus, Responding Party was and is surprised that Propounding Party is continuing to pursue these claims and is not aware of the any basis for same. Additionally, the IRU agreement between the parties waives and otherwise precludes the damage claims Propounding Party appears to be asserting, and lessee under the IRU agreement advised Responding Party that the cables in question were secondary paths and that long maintenance windows would not be an issue. Discovery and investigation are continuing, and Responding Party reserves the right to supplement this response.<br><br>Responding objects that this interrogatory is vague and ambiguous in (1) its use of the terms "material facts" and "material DOCUMENTS," especially given that the term "material" is undefined, and (2) its requirement and | | the damage claims Propounding Party appears to be asserting."<br><br>CVIN has included documents supporting its notice to Zayo in its initial disclosures, document productions to date, and CVIN will continue to produce other notice documents it locates in subsequent rolling productions. During the meet and confer process, CVIN stated it would identify documents following the completion of the parties' document productions by June 12, 2026.<br><br>CVIN proposes that both parties | |

| | | | |
|---|---|---|---|
| | assumption that Responding Party understands Propounding Party's alleged breach of contract claim. Responding Party further objects that by asking Responding Party to identify all facts and documents at this stage is oppressive, unduly burdensome, and overbroad. Responding Party objects that this interrogatory requires a legal conclusion. Responding Party objects to this interrogatory to the extent it calls for information subject to a claim of privilege, including, without limitations, the attorney-client privilege and/or work product doctrine. Responding Party objects to this interrogatory as vague, ambiguous, and compound.<br><br>Without waiving these objections, Responding Party responds as follows: Responding Party does not understand Propounding Party's claims in this action. Responding Party is not liable for Propounding Party's claims in this action. Starting in or about 2022, Responding Party advised Propounding Party that it needed to conduct repair and replacement work on the lines it leased from Responding Party. At Propounding Party's request, Responding Party agreed to delay its work on Propounding Party's subject lines *on multiple occasions* until Propounding Party communicated that it | | supplement their responses within 30 days of completion of the document productions. | |

|  | was prepared for Propounding Party to commence its work. As a cooperative partner, Responding Party acceded to Propounding Party's requests. In April 2025, Zayo filed a complaint against CVIN, and concurrent with the filing of the complaint sought to enjoin CVIN from its long-planned maintenance project. On April 24, 2025, the parties agreed to continue the fiber replacement project for 75 additional days, and then at the expiration of that 75-day period, Propounding Party again requested a further postponement of the construction Project, to which Responding Party again agreed to as it had done over the course of many years of accommodating Propounding Party's requests. Thus, Responding Party was and is surprised that Propounding Party is continuing to pursue these claims and is not aware of the any basis for same.<br><br>Additionally, Responding Party responds that Propounding Party is not legally entitled to the damages it claims by the express terms of the parties' agreements. More specifically, the IRU agreement between the parties waives and otherwise precludes the damage claims Propounding Party appears to be asserting. Further, Propounding Party represented to Responding Party at the |  |  |  |
| --- | --- | --- | --- | --- |

| | time of entering into the IRU agreement that the cables in question were secondary paths and that long maintenance windows would not be an issue.<br><br>Discovery and investigation are continuing, and Responding Party reserves the right to supplement this response. | | | |
|---|---|---|---|---|