United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZAYO GROUP, LLC,<br>Plaintiff,<br>v.<br>CVIN, LLC,<br>Defendant. | Case No. 25-cv-03483-BLF (SVK)<br><br>**ORDER RE DISCOVERY SANCTIONS**<br><br>Re: Dkt. No. 48 |

Before the Court is a Joint Discovery Submission pursuant to which Plaintiff Zayo Group, LLC ("Plaintiff" or "Zayo") seeks monetary and issue sanctions, as well as production of documents, following this Court's prior order at Dkt. 47 ("Prior Order"). Defendant CVIN, LLC ("Defendant" or "CVIN") argues that sanctions are inappropriate because responsive documents do not exist, therefore there is nothing to produce pursuant to the Prior Order. The Court has reviewed the relevant litigation history, the Joint Submission and relevant law. Because the Joint Submission presents a request for sanctions, the Court held an in-person hearing on August 20, 2026 and heard further argument by counsel. The Court also received and considered additional documents proffered by Zayo. Dkt. 52.

## I. Relevant Background

At the heart of the dispute is a declaration of CVIN executive Michael Stewart filed in April of 2025 and Zayo's subsequent Request for Production ("RFP") 26 seeking documents in support of a fact attested to by Mr. Stewart. *See*, Dkt. 14-1; Prior Order at 23. In the Prior Order, the Court modified the scope of RFP 26 and ordered CVIN to produce, "documents sufficient to support the fact, relied upon by CVIN (*see* ECF 14-1 ¶ 4), that it was beyond the convenanted completion date" set forth in its bank loan. Prior Order at 24. The Prior Order required service of supplemental written responses and completion of a rolling production no later than July 13, 2026.

Dkt. 47 at 2.

Pursuant to the Prior Order and as represented at the hearing, on July 13th CVIN produced approximately 148,000 pages of documents, which did not include documents responsive to RFP 26. What followed were approximately three weeks of meet and confer efforts, the precise content and tenor of which the Parties vociferously dispute. However, the record before the Court reflects the following key facts:

- Mr. Stewart's statement in his April 2025 declaration (Dkt. 14-1) that CVIN was "beyond the convenanted completion date for the Project set forth in its bank loan" was false.
- As a result (and as logic would dictate) there are no documents that support Mr. Stewart's statement; therefore there are no documents for CVIN to produce pursuant to the Prior Order as it relates to RFP 26.
- CVIN's supplemental written response to RFP 26 on July 13, 2026, signed by counsel and verified by Mr. Stewart, states the following: "Responding Party will produce documents sufficient to support the fact, relied upon by CVIN in paragraph 4 of the Declaration of Michael Stewart (ECF No. 14-1), that CVIN is currently beyond the covenanted completion date for the Project." Joint Submission, Dkt. 48, at 5.
- In oral meet and confer efforts on July 22, according to CVIN's counsel's representations at the hearing, CVIN unequivocally stated that the loan documents did not contain a convenant for completion. Counsel for Zayo is equally adamant that no such representation was made in the discussions on this date.
- In an email following the meet and confer, counsel for CVIN stated in relevant part:

> We have produced construction-related documents regarding the completion dates, which support the statements made in Mr. Stewart's previous declaration. The dates identified in the loans relate to when CVIN needed to begin loan repayments. The loans do not contain explicit promises to the bank that CVIN would complete the Project by a date certain. We intend to produce a portion of loans identifying the repayment dates, which substantiate Mr. Stewart's statement, but your repeated requests for all financing documents is unwarranted. Dkt. 52-2.

United States District Court
Northern District of California

United States District Court
Northern District of California

- The next day, on July 23, Zayo sent CVIN the first of multiple drafts of a joint submission to compel and for sanctions. Dkt. 48 at 3.
- On July 24, CVIN produced the disputed loan agreement, partially redacted. Dkt. 48 at 3, 9.
- On August 3, the Parties agree that CVIN clearly stated that Mr. Stewart's statement was false and that there were no supporting documents. Zayo maintains that this was first such statement by CVIN; CVIN maintains that these statements were first communicated on July 22, as indicated above. Dkt. 48 at 4, 7.
- On August 5, the Joint Submission was filed seeking, inter alia, issue sanctions.

**II. The Present Dispute: Zayo's Request for Sanctions; CVIN's Response**

Against this backdrop, Zayo seeks monetary and issue sanctions and production of certain documents. With regards to documents, Zayo asks the Court to order production of the loan agreement, without redactions, and communications between Mr. Stewart and Mr. Nelson, CVIN's president, regarding the loan agreement, urging that "Zayo is entitled to receive documents allowing it to fully examine [Mr. Stewart] on this subject" of his misunderstanding of the loan agreement. Dkt. 48 at 4. In response, CVIN claims that in the loan agreement it redacted only proprietary financing rates and names of customers who are Zayo's direct competitors; CVIN also offers to provide a log in support of its redactions. Dkt. 48 at 9. CVIN further argues that since the loan agreement does not contain a covenant tying the loan to the completion of construction, communications regarding the loan documents are irrelevant and not proportional to the needs of the case. *Id.* at 8.

In terms of sanctions, in the Joint Submission, Zayo seeks monetary sanctions for the present motion as well as for two prior motions to compel at Dkt. nos. 45 and 46.[1] Dkt. 48 at 4. At the hearing, Zayo scaled back that request to only the motions directed to RFP 26. Zayo also

---

[1] Dkt. 46 is a Joint Submission pursuant to which Zayo sought to compel responses to interrogatories. Dkt. 45 is a Joint Submission in which Zayo sought to compel further production of documents, including RFP 26. Both Dkt. 45 and Dkt. 46 are addressed in the Prior Order, but only Dkt. 45 and portions of the Prior Order addressing RFP 26 are relevant here.

seeks issue sanctions pursuant to Rule 37(b)(2)(A)[2] for disobeying a discovery order. In support of this request, Zayo argues that:

> (i) Mr. Stewart lied in his declaration, (ii) CVIN tried to cover up that lie by objecting to RFP 26, (iii) CVIN then litigated Zayo's motion to compel regarding RFP 26 rather than admit that no responsive documents existed because Mr. Stewart had lied, (iv) issued a "Further Supplemental Response" to RFP 26 on July 13, 2026 stating "Responding Party will produce documents sufficient to support the fact, relied upon by CVIN in paragraph 4 of the Declaration of Michael Stewart (ECF No. 14-1), that CVIN is currently beyond the covenanted completion date for the Project[,]" and (v) engaged in various attempts to gaslight Zayo about its compliance with RFP 26 thereafter.

Dkt. 48 at 4-5. Specifically, Zayo seeks an adverse jury instruction stating that:

> (1) in CVIN's opposition to Zayo's request for a preliminary injunction, Mr. Stewart had falsely stated under oath that CVIN had bank loan covenants requiring it to finish the cable fiber replacement project by a certain date and that CVIN was currently beyond that covenanted completion date and (2) CVIN thereafter tried to conceal this fact.

Dkt. 48 at 5.

CVIN urges that the requests for monetary and issue sanctions are unfounded as this issue – Mr. Stewart's false statement regarding the loan agreement – is not tethered to any claim or defense. Dkt. 48 at 9. CVIN further argues that the present Joint Submission was unnecessary because well in advance of its filing, CVIN told Zayo that the loan agreement did not contain the deadlines for completion as stated by Mr. Stewart and CVIN produced the relevant portions of the loan agreement. *Id*. CVIN has also offered certain compromises to further clarify the record – making Mr. Stewart available for deposition; providing an accurate supplemental response; and producing "other" loan documents that demonstrate there was no "covenanted completion date." *Id*. at 8; Dkt. 48-1 at 2.

////

[2] In the Joint Submission, and in this Order, "Rule" refers to the Federal Rules of Civil Procedure unless otherwise indicated.

**III. Discussion**

Rule 37(b)(2)(A) allows that where a party has disobeyed a discovery order, the Court may issue "further just orders," and provides a non-exhaustive list which includes issue sanctions such as those sought by Zayo. Rule 37(b)(2)(C) further provides that instead of or in addition to any issue-related sanction, the court must order monetary sanctions, "unless the failure to comply was substantially justified or other circumstances make an award of expenses unjust." Having considered the Parties' submissions and arguments of counsel, the Court concludes that Zayo's request for sanctions is **GRANTED IN PART AND DENIED IN PART** for the reasons that follow.

CVIN's argument that it did not disobey the Prior Order to produce documents in support of Mr. Stewart's statement because no such documents exist, puts technical form over the substantive reality of CVIN's mishandling of RFP 26 during the course of discovery. It is a fact that Mr. Stewart's declaration as to a "convenanted completion date" is false. CVIN suggests a variety of excuses for the error (*e.g.*, "His declaration was prepared and signed under the time constraints of responding to Zayo's *ex parte* application." Dkt. 48 at 6; "the dates referenced by Mr. Stewart in his April 23, 2025 declaration relate to the dates by which CVIN would need to begin loan repayments." *Id*. at 7). The circumstances surrounding the false statement – whether Mr. Stewart was aware of the misrepresentation or intended to convey something else – cannot be determined on the present record and is better left for the trier of fact. The statement is what it is, and the Parties will deal with it as they deem appropriate at trial.

In the Joint Submission and at the hearing, Zayo argues that CVIN intended to conceal the falsity of Mr. Stewart's statement, while CVIN seems to suggest inadvertence. The record before the Court does not wholly support either position. At the hearing, counsel for CVIN acknowledged that CVIN's July 13 written response to RFP 26, set forth verbatim above, states that responsive documents will be produced. Counsel also pointed to CVIN's large production on July 13 in response to the Prior Order, arguing both in the Joint Submission and at the hearing that, "[w]hen CVIN's lawyers saw the loan agreement and noticed it did not contain a covenant to complete construction by a certain date, CVIN's lawyers told Zayo's counsel this at their July 22,

2026 meet and confer call and memorialized the same in a follow-up email that day." Dkt. 48 at 5. Again, both in the Joint Submission and at the hearing, counsel confirmed that he saw the loan document, which was the basis for Mr. Stewart's statement, for the first time after CVIN's response of July 13, and was adamant that CVIN made clear in the July 22 meet and confer conversation that there was no covenanted completion date in the loan documents. Counsel for Zayo points to CVIN's written response of July 13 and strongly disputes the representation of the July 22 meet and confer conversation. Both Parties point to the email exchange following the July 22 meet and confer as supporting their respective positions. CVIN's email, set forth verbatim above, states that "[t]he loans do not contain explicit promises to the bank that CVIN would complete the Project by a date certain." However, as argued by Zayo, that statement is bookended by statements which refer to "construction-related documents regarding completion dates" which "support the statements made in Mr. Stewart's previous declarations" and "[w]e intend to produce a portion of loans identifying the repayment dates, which substantiate Mr. Stewart's statement." The Parties agree that the reality of Mr. Stewart's declaration and the absence of any documents supporting the false statement was made clear by August 3.

In consideration of all of the foregoing, including the strident arguments by both counsel for CVIN and Zayo at the hearing, the Court does not find sufficient support for intentional concealment of Stewart's false statement and therefore the Court declines to grant issue sanctions. However, even crediting CVIN counsel's suggestion of inadvertence, based on the circumstances – seven months of an unsubstantiated response to RFP 26 requiring substantial meet and confer efforts and two motions to compel before this Court – the Court finds that CVIN failed to comply with the Prior Order regarding RFP 26 by failing to acknowledge at the time of its reply and production that there were no documents in support of Mr. Stewart's attestation regarding a covenanted completion date. As a result, monetary sanctions are appropriate.

The Court determines that a just order pursuant to Rule 37(b)(2)(A) considers the initial motion to compel in June (Dtk. 45), along with the fact that that motion addressed several RFPs, only one of which was RFP 26; the subsequent substantial compliance by CVIN with a large production on July 13; CVIN's continuing representation on July 13 that documents pursuant to

RFP 26 existed and would be produced; CVIN counsel's representation to the Court of the timing if its review of the subject loan documents; and counsel's sharply divergent recollections of the July 22 meet and confer. As a result of consideration and weighing of all of these factors, the Court determines that a just order is a monetary sanction against CVIN to be paid to Zayo in the amount of $7,500 to be paid within 21 days of this Order.

In light of the foregoing award, and mindful of the sharply contested arguments of counsel at the hearing, the Court does not find that payment of expenses pursuant to Rule 37(b)(2)(C) are otherwise justified under the circumstances cited herein.

Additionally, the Court ORDERS within 7 days of this Order the production of the fully unredacted loan agreement and all documents referenced therein, for outside-counsel-eyes-only, as well as any communications between Messrs. Stewart and Nelson that address the topic of schedule of repayments, payment deadlines or completion deadlines in the context of the loan agreement.

**SO ORDERED.**

Dated: August 21, 2026

SUSAN VAN KEULEN
United States Magistrate Judge