United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ZAYO GROUP, LLC,

Plaintiff,

v.

CVIN, LLC,

Defendant.

Case No. 25-cv-03483-BLF (SVK)

**ORDER GRANTING MOTION FOR PROTECTIVE ORDER**

Re: Dkt. Nos. 78

Before the Court is the Parties' Joint Statement pursuant to which Defendant seeks a protective order against three requests for production ("RFPs" or "Requests") propounded by Plaintiff. The Court has reviewed the Parties' arguments, related prior orders and the relevant law, including Federal Rules of Civil Procedure 26 and 34, and determines that this issue may be decided without oral argument. Civ. L.R. 7-1(b). Defendant's motion is **GRANTED** as to the Requests, and the request for sanctions is **DENIED**, as reasoned below.

In support of its claim for breach of the covenant of good faith and fair dealing, Plaintiff urges that Defendant had financial reasons for taking certain actions. Dkt. 78 at 7. In pursuit of this claim, Plaintiff received Defendant's unredacted loan documents and all documents referenced therein, including the repayment schedule. Dkt. 54; Dkt. 78 at 5. Now, Plaintiff seeks "all documents" that were "authored, sent or received" by Defendant's CFO Janka Dubiakova regarding the subject loan. More specifically, the Requests seek documents regarding payments owed on the loan (RFP 45), attempts to renegotiate terms of the loan (Dkt. 46) and attempts to enter into a new loan (RFP 47). Dkt. 76-1.

The Requests are overbroad. Across the three Requests, Plaintiff seeks *every* document touched by Dubiakova relating in *any* capacity to the loan. Such overbreadth renders relevance

United States District Court
Northern District of California

tenuous, at best. The Requests are burdensome. Because of the overly broad scope and the involvement of Defendant's counsel in the loan negotiations (Dkt. 78 at 5), the requisite collection and review would be unduly burdensome. More particularly, RFP 47 appears to be a fishing expedition without any basis in fact. Additionally, the Requests are directed to a loan for which Plaintiff already has the foundational documents that speak to Plaintiff's theory as to why Defendant acted as it did. Dkt. 78 at 7. In light of the foregoing, the Requests are not proportional to the needs of the litigation.

The Parties also argue whether the Requests are foreclosed by this Court's prior orders at Dkt. 54 and 68. Because the arguments by both sides are in general terms, without specifying where a Request does or does not overlap a prior order, the Court neither reaches a conclusion on this point nor needs to in light of the findings above. Accordingly, Defendant's request for sanctions is **DENIED**.

The Court does, however, agree with Plaintiff that the prior orders are not an absolute prohibition on discovery directed at Ms. Dubiakova. The Court also notes, with both interest and dismay, that Defendant proposed a limiting search term to narrow the scope of overbreadth. Dkt. 76-1. The Parties are **ADMONISHED** for not attempting to negotiate from that proposal to see if appropriate requests could be formulated. The Court expects better from Counsel going forward, particularly given the Court resources spent on past contentious discovery disputes.

**SO ORDERED.**

Dated: October 30, 2026

SUSAN VAN KEULEN
United States Magistrate Judge