United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

ZAYO GROUP, LLC,

Plaintiff,

v.

CVIN, LLC,

Defendant.

Case No. 25-cv-03483-BLF

**ORDER GRANTING PLAINTIFF'S MOTION TO FILE SECOND AMENDED AND SUPPLEMENTAL COMPLAINT**

[Re: ECF No. 57]

Before the Court is Plaintiff Zayo Group LLC's ("Zayo's") Motion for Leave to File Second Amended and Supplemental Complaint. ECF No. 57 ("Mot. Leave to Am."). Defendant CVIN, LLC ("CVIN") opposes the motion. ECF No. 61 ("Opp. Leave to Am."). The Court held a hearing on this motion on November 19, 2026, and issued its ruling on the record, which is memorialized herein. For the reasons stated on the record and summarized below, Zayo's Motion for Leave to File Second Amended and Supplemental Complaint is GRANTED.

## I. BACKGROUND

On March 13, 2025, CVIN informed Zayo that it would be replacing Zayo's leased fiber optic cables. Mot. Leave to Am. at 2. CVIN explained that this work would cause outages "ranging from several days to several weeks or more over the course of the next 3–6 months." *Id.* Zayo contested these outages and filed a Complaint alleging (1) breach of contract, (2) breach of the implied covenant of good faith and fair dealing, and (3) intentional interference with contract. ECF No. 1 at ¶¶ 26, 28, 48, 55, 67. CVIN filed its answer on June 16, 2025, denying Zayo's allegations and raising affirmative defenses. ECF No. 23.

On August 1, 2025, Zayo informed CVIN that it had migrated its clients onto interim fiber optic cables to allow CVIN to start its replacement work. Mot. Leave to Am. at 2. On November

United States District Court
Northern District of California

24, 2025, Zayo filed a first amended complaint ("FAC"), in which Zayo voluntarily dismissed its intentional interference with contract claim. ECF No. 38. CVIN answered the FAC on January 9, 2025, denying the remaining causes of action and raising affirmative defenses. ECF No. 40.

On August 27, 2026, Zayo filed the instant motion for leave to file a second amended and supplemental complaint ("SAC"). The SAC includes new factual allegations, adds a new cause of action for gross negligence, and realleges an intentional interference with contract claim. *See* ECF No. 58-2 at 10–15, 19–23. Zayo argues that its SAC was prompted by new facts disclosed in CVIN's supplemental discovery responses. Mot. Leave to Am. at 2–6. In particular, Zayo claims that these responses reveal (1) that CVIN had not obtained, or even applied for, all of the necessary construction permits before requiring Zayo to migrate off of its leased fiber routes, and (2) that CVIN falsely claimed that it was in breach of a loan covenant completion date. *Id.* at 1, 6–7. CVIN opposes the motion, arguing that Zayo did not satisfy the requirements to amend the scheduling order or file a SAC.

## II. LEGAL STANDARD

When the Court's deadline for amending pleadings has passed, the moving party must demonstrate "good cause" to amend the scheduling order. Fed. R. Civ. P. 16(b)(4). Rule 16's good cause standard primarily concerns "the diligence of the party seeking the amendment." *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1991); *see also Kuschner v. Nationwide Credit, Inc.*, 256 F.R.D. 684, 687 (E.D. Cal. 2009) ("If the moving party was not diligent, the inquiry should end.").

Once the moving party establishes "good cause" to modify the scheduling order, "it must then demonstrate that its motion [to amend] is also proper under Rule 15." *Rodarte v. Alameda Cty.*, No. 14-cv-00468, 2015 WL 5440788, at *2 (N.D. Cal. Sept. 15, 2015) (citing *Johnson*, 975 F.2d at 608). Rule 15 provides that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (noting that the Ninth Circuit permits amendment under Rule 15 with "extreme liberality"). When determining whether to grant leave to amend under Rule 15, the Court considers "(1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure

deficiencies by amendment, (4) undue prejudice to the opposing party, [and] (5) futility of amendment." *Grewell v. K.B.R. Inc.*, No. 23-cv-03889, 2023 WL 11897613, at *1 (N.D. Cal. Nov. 28, 2023); *see Foman v. Davis*, 371 U.S. 178, 182 (1962).

## III. DISCUSSION

The Court's scheduling order set November 26, 2025, as the final day to amend the pleadings. ECF No. 37. Therefore, Zayo must demonstrate "good cause" to amend the scheduling order and satisfy the requirements of Rule 15.

### A. Rule 16's Good Cause Standard

Zayo argues that it satisfies Rule 16's "good cause" standard because it diligently pursued discovery and filed its motion for leave to amend shortly after receiving CVIN's supplemental discovery responses. Mot. Leave to Am. at 9. CVIN contends that Zayo was not diligent because Zayo was aware of the facts alleged in the SAC "before the original complaint was filed." Opp. Leave to Am. at 5.

When evaluating whether a party was diligent under Rule 16, the Court considers: "(1) diligence in discovering the basis for amendment; and (2) diligence in seeking amendment once the basis for amendment has been discovered." *Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, 236 F. Supp. 3d 1110, 1113 (N.D. Cal. 2017). Here, Zayo filed its first set of requests for production of documents ("RFP") on December 1, 2025. ECF No. 45-4 at 7. Zayo disputed several of CVIN's responses and, after an unsuccessful meet and confer, Zayo filed a motion to compel discovery. ECF No. 45 at 1. On June 12, 2026, Magistrate Judge Susan van Keulen granted the motion to compel and ordered CVIN to provide supplemental responses to the RFPs by July 13, 2026. ECF No. 47 at 2. CVIN's supplemental responses failed to adequately address one of Zayo's RFPs, leading to a second meet and confer and a second motion to compel discovery. ECF No. 48 at 1–3. On August 21, 2026, Judge van Keulen granted Zayo's second motion to compel. ECF No. 54. Zayo filed the instant motion less than one week later, on August 27, 2026.

In summary, over the course of eight months, Zayo had to engage in two meet and confers and file two motions to compel to receive proper responses to its RFPs. Given the considerable



United States District Court
Northern District of California

effort Zayo expended, the Court finds that Zayo was diligent in discovering the basis for its amendment. Likewise, by filing the instant motion six days after succeeding on the second motion to compel, Zayo has easily demonstrated diligence in seeking amendment. *See Karl Storz Endoscopy-Am., Inc. v. Stryker Corp.*, No. 14-cv-00876, 2016 WL 2855260, at *6 (N.D. Cal. May 13, 2016) (noting that "several courts in this District have found that time periods of three months and longer can be reasonable for seeking to amend").

In contesting Zayo's diligence, CVIN asserts that the facts alleged in the SAC were known to Zayo previously. Opp. Leave to Am. at 5. Specifically, CVIN maintains that the Parties discussed the Caltrans permitting issues "before the original complaint was filed" and that Zayo previously pled the allegations underpinning its gross negligence claim. *Id.* at 5–6. The Court finds CVIN's arguments to this effect unpersuasive.

In asserting that Zayo had prior knowledge of the facts alleged in the SAC, CVIN points to four exhibits: (1) an email from August 5, 2024, stating that CVIN could not "continue work" until receiving "a revised permit," ECF No. 63-3 at 8, (2) a series of emails from March 2025, stating that the Caltrans permit was not secured and noting that the project was scheduled to be completed by "the end of 2025," ECF No. 63-4 at 2, 5–6, (3) a discovery response from January 29, 2026 stating that there have been "delays in government entities' issuance of permits", ECF No. 62-5 at 15, and (4) CVIN's July 13, 2026 RFP responses, ECF No 62-7. None of these exhibits indicate that Zayo had prior knowledge of the new facts pled in the SAC.

First, the August 5, 2024 email concerns an environmental outage and does not appear to be related to the cable replacement work that is the subject of this litigation. *See* ECF No. 63-3. Second, the March 2025 emails state that the project was expected to be completed by the end of 2025 and did not suggest that Zayo's leased fiber optic cables would be inoperable for over a year. ECF No. 63-4 at 2, 5. Furthermore, these emails gave no indication that CVIN had yet to apply for several of the necessary permits. *Id.* Similarly, CVIN's January 29, 2026 discovery responses failed to disclose that CVIN had not applied for several permits until after it had required Zayo to migrate off of its leased fiber optic routes. ECF No. 62-5. Finally, CVIN's reference to the July

13, 2026 supplemental responses is unavailing because these responses succeeded Zayo's filing of the FAC and were received shortly before Zayo filed the instant motion. ECF No 62-7.

Moreover, the Court's review indicates that Zayo's SAC includes numerous factual allegations that CVIN only disclosed in its final discovery responses. For example, the SAC alleges that there were "around ten required Caltrans permits" that CVIN "had not obtained as of late October 2025" and that CVIN had not submitted its "initial Caltrans permit application until August or even September 2025." SAC at ¶¶ 67–68. This information was not disclosed until July 13, 2026. Additionally, CVIN does not dispute that Zayo had no knowledge of the misrepresented loan covenant until August 2026. For these reasons, the Court finds that Zayo did not have prior knowledge of the new facts alleged in the SAC and was diligent in seeking leave to amend. Therefore, Zayo has satisfied Rule 16's good cause standard.

**B. Rule 15**

After deciding that Zayo has satisfied Rule 16, the Court must assess whether Zayo has met the requirements of Rule 15(a)(2). Under Rule 15, the Court will freely grant leave to amend unless there is "(1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendment, (4) undue prejudice to the opposing party, or (5) futility of amendment." *Grewell*, 2023 WL 11897613, at *1; *see Foman*, 371 U.S. at 182. Of these factors, "it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.* (emphasis in original).

*1. Undue Delay*

CVIN argues that Zayo's motion to amend was unduly delayed because "Zayo knew or should have known the facts purportedly supporting its 'new' claims before the filing of its Initial Complaint." Opp. Leave to Am at 8. When evaluating undue delay, the Court considers "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990). As stated previously, Zayo did not have knowledge of the new facts alleged in the SAC until after

United States District Court
Northern District of California

CVIN provided its supplemental RFP responses in July and August 2026. Given the timing of these discovery responses, the Court finds that Zayo's motion to amend was not unduly delayed.

*2. Bad Faith or Dilatory Purpose*

CVIN also argues that Zayo acted in bad faith by failing to raise its gross negligence claim in a previous complaint and by realleging an intentional interference claim. Opp. Leave to Am. 8–9. A party acts in bad faith where it failed to propose amendments earlier despite (1) the "opportunity to amend" and (2) "the fact that the claims were apparent" *Bonin v. Calderon*, 59 F.3d 815, 846 (9th Cir. 1995). Zayo's gross-negligence claim and its current intentional interference claim are substantially based on CVIN's insistence that Zayo migrate off of its leased fiber optic cables before CVIN had acquired or applied for the permits necessary to replace those cables. Zayo did not have access to these facts about the permits until after it received CVIN's July 13, 2026 discovery responses. Thus, the Court finds that the precise claims raised in the SAC were not previously apparent to Zayo and there was no evidence that Zayo filed the instant motion in bad faith.

*3. Deficiencies in Previous Amendments*

CVIN asserts that the Court should deny Zayo's motion for leave to amend because Zayo previously raised, and then voluntarily withdrew, its claim for intentional interference with contract. Opp. Leave to Am. at 9. Courts have routinely held that parties who voluntarily withdraw a claim are not precluded from realleging that cause of action. *See, e.g.*, *Google, Inc. v. Affinity Engines, Inc.*, No. 05-cv-0598, 2005 WL 2007888, at *7 (N.D. Cal. Aug. 12, 2005) ("[C]ourts may allow a plaintiff to reallege a voluntarily withdrawn claim."); *Southwest Forest Indus., Inc. v. Westinghouse Elec. Corp.*, 422 F.2d 1013, 1015 (9th Cir.1970) (allowing a party to reallege a cause of action that it voluntarily abandoned); *Burkes v. Cnty. of Monterey*, No. 11-cv-04952, 2012 WL 12505215, at *1 (N.D. Cal. Feb. 3, 2012) ("[A] plaintiff is not absolutely precluded from seeking to reallege, in subsequent amended pleadings, claims that were voluntarily dismissed."). Here, Zayo voluntarily withdrew its intentional interference with contract claim and realleged it in response to newly discovered facts. The Court finds that realleging this cause of action does not constitute grounds for denying Zayo's motion for leave to amend.

*4. Undue Prejudice*

CVIN argues that Zayo's motion for leave to amend would cause it undue prejudice by "uncap[ping] potential damages" and requiring additional discovery shortly before the discovery deadlines. Opp. Leave to Am. at 6–7. CVIN asserts that granting Zayo's "eleventh-hour amendment" "would severely prejudice CVIN's ability to adequately defend" against the claims raised in the SAC. *Id.* at 6. In opposition, Zayo argues that CVIN has sufficient time to conduct discovery and that CVIN cannot demonstrate prejudice where Zayo's delay was caused by CVIN's own decision to "wrongfully withh[o]ld information." ECF No. 64 at 4.

Under Rule 15, "[t]he non-moving party has the burden of showing prejudice." *Amarte Usa Holdings, Inc., Plaintiff, V. Kendo Holdings Inc.*, No. 22-cv-08958, 2023 WL 8420896, at *11 (N.D. Cal. Dec. 4, 2023) (citing *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). CVIN has failed to meet this burden. Although the SAC includes two new causes of action and a request for punitive damages, ECF No. 58-2 at 19, 21, 23, that alone is insufficient to establish undue prejudice. *See, e.g.*, *Slavkov v. Fast Water Heater Partners I, LP*, No. 14-CV-04324, 2015 WL 5071933, at *3 (N.D. Cal. Aug. 27, 2015) ("Mere addition of new claims does not, in and of itself, establish prejudice sufficient to support denial of leave to amend."); *Dep't of Fair Emp't & Hous. v. Law Sch. Admission Council, Inc.*, No. 12-cv-01830, 2013 WL 485830, at *5 (N.D. Cal. Feb. 6, 2013) ("The burden of having to defend a new claim alone is not undue prejudice under Rule 15.").

The Court is also reticent to find undue prejudice where Zayo's SAC was delayed, in large part, by CVIN's own refusal to timely respond to Zayo's RFPs. *See Tourgeman v. Collins Fin. Servs., Inc.*, No. 08-cv-1392, 2010 WL 4817990, at *5 (S.D. Cal. Nov. 22, 2010) (finding no prejudice where the plaintiff's delayed motion for leave to amend was caused by the defendant's "obstreperousness in discovery that prevented [the p]laintiff from learning the facts that give rise to his proposed amendments"). Moreover, as discussed during the hearing, Zayo is amendable to modifying the briefing schedule and continuing the trial date to provide for additional discovery and briefing on the SAC. Under these circumstances, the Court finds that CVIN has not carried its burden to establish undue prejudice.

5. *Futility of Amendment*

Finally, CVIN contends that the Court should deny Zayo's motion because "the proposed amendment would be futile." Opp. Leave to Am. at 9. In particular, CVIN alleges that the intentional interference claim is futile because CVIN was acting within its "contractual duties," and the SAC does not allege that the replacement project interfered with the performance of Zayo's third-party contracts. *Id.* at 9–10. CVIN also argues that Zayo's gross negligence claim is futile because CVIN has only a contractual duty to Zayo and any potential recovery under this cause of action is barred by the economic loss rule. *Id.* at 10. In opposition, Zayo argues that CVIN has misrepresented the nature of these claims and asserts that CVIN's argument is more appropriately raised "via a motion to dismiss." Mot. Leave to Am. at 5.

"An amendment is futile when 'no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense.'" *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) (quoting *Miller v. Rykoff–Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988)). While courts "determine the legal sufficiency of a proposed amendment using the same standard as applied on a Rule 12(b)(6) motion," courts have routinely held that "such issues are often more appropriately raised in a motion to dismiss rather than in an opposition to a motion for leave to amend." *Dorsett v. Sandoz, Inc.*, No. 06-cv-7821, 2010 WL 11512276, at *1 (C.D. Cal. June 29, 2010) (quoting *SAES Getters S.p.A. v. Aeronex, Inc.*, 219 F. Supp. 2d 1081, 1086 (S.D. Cal. 2002)); *see, e.g.*, *Allen v. Bayshore Mall,* No. 12–cv–02368, 2013 WL 6441504, at *5 (N.D. Cal. Dec. 9, 2013) ("The merits or facts of a controversy are not properly decided in a motion for leave to amend and should instead be attacked by a motion to dismiss for failure to state a claim or for summary judgment."). Under Rule 15, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman,* 371 U.S. at 182. For these reasons, Courts rarely deny motions for leave to amend on futility grounds. *See Clarke v. Upton*, 703 F. Supp. 2d 1037, 1043 (E.D. Cal. 2010) ("[C]ourts generally defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted . . . .").

So, although the Court has concerns about the merits of Zayo's intentional interference and gross negligence claims, these questions are more appropriately addressed via a motion to dismiss. *See Slavkov v. Fast Water Heater Partners I, LP*, No. 14-cv-04324, 2015 WL 5071933, at *2 (N.D. Cal. Aug. 27, 2015) ("The merits or facts of a controversy are not properly decided in a motion for leave to amend and should instead be attacked by a motion to dismiss . . . ." (citation omitted)). Thus, the Court will not deny leave to amend on these grounds and, as discussed during the hearing, anticipates a thorough discussion of these claims during the motion to dismiss stage.

## IV. CONCLUSION

For the foregoing reasons, the Court HEREBY GRANTS Zayo's Motion for Leave to File Amended and Supplemental Complaint. Per the discussion during the hearing, the Parties have agreed to an amended briefing schedule and trial date to provide CVIN with sufficient time to request discovery on the SAC and file a motion to dismiss. The modified schedule is as follows:

- Last Day to Hear Dispositive Motions: October 7, 2027
- Final Pretrial Conference: February 3, 2028
- Trial Start Date: March 6, 2028
- The Parties SHALL meet and confer to decide new discovery deadlines and SHALL file a stipulated discovery schedule by December 4, 2026.

**IT IS SO ORDERED.**

Dated: November 20, 2026

BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California